Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVE MADE, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>HOT TOPIC, INC., a California Corporation, individually, and doing business as "BLACKHEART" and "BLACKHEARTLINGERIE.COM"; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff, LOVE MADE, LLC ("LOVE"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 1 -

COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff LOVE MADE, LLC ("LOVE") is a limited liability company organized and existing under the laws of the state of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant HOT TOPIC, INC., individually and doing business as "BLACKHEART" and "BLACKHEARTLINGERIE.COM" (collectively "HOT TOPIC"), is a corporation organized and existing under the laws of the state of California with its principal place of business located at 18305 San Jose Ave, City of Industry, California 91748 and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to named Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO LOVEMADE'S ORIGINAL ARTWORK**

9. Plaintiff owns the two-dimensional graphic artwork ("ARTWORK") pictured in the ARTWORK column of the design comparison set forth in paragraph 15, *infra*.

10. Plaintiff has submitted an application to register the ARTWORK with the United States Copyright Office.

11. The ARTWORK was published before the acts of infringement complained of herein, appearing on various products and online.

12. Following the ARTWORK's publication, Plaintiff's investigation revealed that Defendants, and each of them, which, like Plaintiff, operate in the fashion and

apparel industries, had misappropriated the ARTWORK, and were marketing, advertising, and selling product bearing unauthorized and illegal reproductions and derivations of the ARTWORK.

13. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, HOT TOPIC and certain DOE Defendants created, sold, manufactured, caused to be manufactured, distributed, and sold garments featuring as their primary art a design that is substantially similar to the ARTWORK (hereinafter "Infringing Garments"). These garments include but are not limited to the garment depicted in the Infringing Garment column of the design comparison set forth in paragraph 15, *infra*.

14. A comparison of the ARTWORK and an exemplar of the Infringing Garments clearly indicates that the elements, composition, colors, arrangement, layout, and aesthetic of the two designs are at least substantially similar.

15. True and correct images of the ARTWORK and one non-inclusive exemplar of the Infringing Garments are set forth below:

///

///

| ARTWORK: | Infringing Garment: |
|---|---|
|  |  |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

1. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

2. Defendants, and each of them have distributed and sold product bearing a design that was copied without authorization from the ARTWORK.

3. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the ARTWORK, including, without limitation, through access to the products, marketing material, and websites upon which the ARTWORK appears.

4. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the ARTWORK in that said garments featured unauthorized print design(s) that were identical or substantially similar to the ARTWORK, or were an illegal derivation or modification thereof.

5. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the ARTWORK and by producing, distributing and/or selling garments which infringe the ARTWORK through a nationwide network of retail stores, catalogues, and through on-line websites.

6. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

7. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

8. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the ARTWORK. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the ARTWORK in an amount to be established at trial.

9. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, or a preclusion from asserting certain affirmative defenses and making certain deductions from the disgorgeable profits sought to be recovered through this action.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

10. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

11. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the ARTWORK as alleged herein.

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

13. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

14. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the ARTWORK. As such, Plaintiff is entitled to disgorgement of Defendants' profits

directly and indirectly attributable to Defendants' infringement of the ARTWORK, in an amount to be established at trial.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, or a preclusion from asserting certain affirmative defenses and making certain deductions from the disgorgeable profits sought to be recovered through this action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the ARTWORK;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. or other authority;

    e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    f. That a trust be imposed over any product, or revenues derived from any product, that bears the ARTWORK;

    g. That Plaintiff be awarded pre-judgment interest as allowed by law;

    h. That Plaintiff be awarded the costs of this action; and

    i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 2, 2015      By:      */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Love Made, LLC

- 9 -

COMPLAINT